# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Christopher Scott Wilburn,**
**Defendant Below, Petitioner**

**FILED**

November 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0054** (Lincoln County 11-C-26)

**Ashley Nicole McCoy,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner and defendant below Christopher Scott Wilburn, by counsel Raymond A. Nolan, appeals two orders of the Circuit Court of Lincoln County entered December 12, 2013, that (1) denied, in part, and granted, in part, his post-trial motions, and amended the judgment order, and (2) denied his motion concerning the amount, propriety, and sufficiency of the evidence for the punitive damages award following a jury verdict that found petitioner 100% negligent for the injuries sustained by respondent and plaintiff below, Ashley Nicole McCoy, in a motor vehicle accident involving the parties. Respondent, by counsel Thomas H. Peyton, filed a response in support of the circuit court's orders, to which respondent filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were involved in a head-on motor vehicle accident on February 5, 2011, on Bulger Road, near Alkol in Lincoln County. Respondent filed a complaint against petitioner alleging that petitioner traveled at an excessive rate of speed and crossed the center line, causing the accident[1] and respondent's injuries.[2] Petitioner was driving on a revoked license (for driving under the influence) at the time of the accident, an offense to which he subsequently pled guilty and for which he was placed on home confinement.

---

[1] A copy of the complaint was not made a part of the appellate record.

[2] The videotaped evidentiary deposition of Dr. James P. Maurer, respondent's orthopedic surgeon, was read to the jury at trial. He testified that respondent's injuries included a left hip dislocation, a right knee traumatic arthrotomy, a right open medial subtalar dislocation, and a left bimalleolar ankle fracture, and that she underwent multiple surgeries.

1

At trial, liability was disputed as each party presented evidence that the other was at fault. Additionally, respondent presented evidence that, immediately following the accident, petitioner tested positive for benzodiazapenes, opiates, and THC;[3] that petitioner was seen leaving the scene of the accident; and that he failed to render aid to either respondent or her husband, who was a passenger in the vehicle. Respondent also presented evidence that petitioner was previously convicted four times for driving on a suspended license, that he had a DUI conviction, a speeding ticket, revocations/suspensions of his driver's license for numerous unpaid citations and DUI, and a conviction in magistrate court for driving on a revoked license for which he was placed on home confinement. [4]

Following a jury trial, petitioner was determined to be 100% negligent and respondent[5] was awarded compensatory damages in the total amount of $364,000.00, which included, in relevant part, the amount of $30,000.00 for past loss of income and household services.[6] Respondent was also awarded punitive damages in the amount of $200,000.00.

On January 22, 2013, petitioner filed post-trial motions for a new trial and renewal of motion for judgment as a matter of law.[7] By order entered December 12, 2013, the circuit court denied, in part, and granted, in part, respondent's motions. In pertinent part, the circuit court found that

> sufficient evidence was presented through the testimony of the Plaintiff, her husband, and her treating physician for the jury to award past special damages for loss of household services and loss of income or earning capacity. To the extent the Defendant argues that the Jury Verdict Form was erroneous for failing to

---

[3] Petitioner testified that he regularly takes Lortab and Xanax, which are prescribed for his use, but denied being intoxicated or impaired at the time of the accident.

[4] The circuit court specifically instructed the jury that this evidence was not to be used to establish liability but, rather, that if it was determined that punitive damages should be awarded, then the evidence could be taken into consideration for that purpose.

[5] Respondent was a college student at the time of the accident.

[6] Specifically, the jury awarded the following compensatory damages: $10,000.00 in future medical expenses; $50,000.00 in past physical pain, suffering, and loss of enjoyment of life; $50,000.00 in future physical pain, suffering, and loss of enjoyment of life; $50,000.00 in past emotional upset and mental anguish; and $50,000.00 in future emotional upset and mental anguish. Additionally, the jury awarded respondent $124,000.00 in past medical expenses; however, upon petitioner's motion to amend the judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure, the circuit court reduced this amount to $123,137.62 so as to conform to the undisputed evidence presented at trial.

[7] *See* W.Va. R.Civ.P. 59. These pleadings are not a part of the appellate record.

2

provide separate special interrogatories for past loss of household services and past loss of income or earning capacity, the Defendant's motion is DENIED.

In a separate order entered the same day, the circuit court denied petitioner's motion for a new trial on the issue of the amount, propriety, and sufficiency of the evidence to support the award of punitive damages. This appeal followed.

Our standard of review with regard to a circuit court's order denying a motion for new trial is as follows:

"[T]he ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, in part, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976).

Syl. Pt. 2, *Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W. Va. 209, 672 S.E.2d 345 (2008). *See also Neely v. Belk Inc.*, 222 W. Va. 560, 566, 668 S.E.2d 189, 195 (2008) (stating that "a new trial should rarely be granted and then granted only where it is '"reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done."' *In re State Public Building Asbestos Litigation,* 193 W.Va. [119,] 124, 454 S.E.2d [413,] 418 [(1994)] (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2803 at 32–33).").

Petitioner's first assignment of error concerns the award of damages for past loss of income and household services. Petitioner argues that respondent failed to present any evidence of such damages either through expert testimony or with respect to past or future monetary loss. Thus, he argues, the verdict form erroneously permitted the jury to find that respondent "has established the claim of money damages . . . for" inter alia, "Past Loss of Income and Household Services, which has been suffered as a proximate result of the conduct of the Defendant as established by a preponderance of the evidence[.]"[8] As previously indicated, the jury awarded respondent $30,000.00 in damages for past loss of income and household services.[9]

---

[8] At trial, petitioner objected to the verdict form as follows: "And past loss of income and household services, there was no evidence presented on that. So my objection is to that entry on the form."

[9] Petitioner also argues that the circuit court did not separately instruct the jury on the recovery of damages for past loss of income and household services, and, for that additional reason, the verdict form should not have included such damages for the jury's consideration. As previously noted, Petitioner did not object to the verdict form on this ground, *see* n.8, *supra*, and, given that his motion for new trial was not included in the appendix record, it is unclear whether he ever raised the argument before the circuit court. As a consequence, the objection now raised will not be considered by this Court on appeal. *See Finley v. Norfolk and Western Ry. Co.*, 208 W.Va. 276, 282, 540 S.E.2d 144, 150 (1999) ("'Only those objections or grounds of objection which were urged on the trial court, without change and without addition, will be considered on appeal.' 4 C.J.S. *Appeal and Error* § 216.").

This Court has stated that, "generally, [it] will apply an abuse of discretion standard when reviewing a trial court's decision regarding a verdict form." *Perrine v. E.I. du Pont de Nemours & Co.*, 225 W. Va. 482, 539, 694 S.E.2d 815, 872 (2010). Furthermore,

> "[i]n determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved." Syllabus point 5, *Orr v. Crowder,* 173 W.Va. 335, 315 S.E.2d 593 (1983).

Syl. Pt. 10, *Neely v. Belk Inc.*, 222 W.Va. 560, 668 S.E.2d 189 (2008).

It is undisputed that respondent sustained numerous orthopedic injuries as a result of the accident and required multiple surgeries. At trial, both respondent and her husband, Arnold McCoy, testified that respondent was hospitalized for eleven days following the accident and that she was confined to a wheelchair for three months after she was discharged to their home. Mr. McCoy testified that he had to help respondent to do "everything," including using the bathroom, taking showers, and preparing meals. Mr. McCoy further testified that, two times per day, he had to clean a device that was attached through petitioner's leg for the purpose of stabilizing her bone. The evidence that Mr. McCoy performed these everyday household tasks because

---

It is also noted that, in the alternative, petitioner appears to contend that the circuit court erred by failing to separate past loss of income and household services damages into distinct categories so that the jury's intent regarding its verdict may be determined. As indicated above, the circuit court denied petitioner's motion for a new trial "[t]o the extent [petitioner] argues that the Jury Verdict Form was erroneous for failing to provide separate special interrogatories for past loss of household services and past loss of income or earning capacity . . . ." On appeal, petitioner fails to make any salient argument or cite to any legal authority in support of his contention. As we held in syllabus point two of *West Virginia Department of Health & Human Resources Employees Federal Credit Union v. Tennant,* 215 W.Va. 387, 599 S.E.2d 810 (2004), "'[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966)." Moreover, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Accordingly, we find no error in the circuit court's ruling in this regard.

respondent was unable to do so is undisputed.[10] Giving respondent the benefit of all favorable inferences which reasonably may be drawn from the evidence, a reasonable jury could have concluded that respondent's injuries adversely impacted her ability to perform household services. Given the undisputed evidence in this regard, the circuit court did not abuse its discretion in allowing the jury to consider and award money damages for past loss of income and household services suffered as a proximate result of the accident.

In his final assignment of error, petitioner argues that the evidence in this case was not sufficient to support an award of punitive damages. This Court has stated that "'[i]n actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous.'" *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 190, 680 S.E.2d 791, 821 (2009) (quoting Syl. Pt. 4, *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895)). Our review of punitive damage awards is guided as follows:

> When this Court, or a trial court, reviews an award of punitive damages, the court must first evaluate whether the conduct of the defendant toward the plaintiff entitled the plaintiff to a punitive damage award under *Mayer v. Frobe,* 40 W.Va. 246, 22 S.E. 58 (1895), and its progeny. If a punitive damage award was justified, the court must then examine the amount of the award pursuant to the aggravating and mitigating criteria set out in *Garnes v. Fleming Landfill, Inc.,* 186 W.Va. 656, 413 S.E.2d 897 (1991), and the compensatory/punitive damage ratio established in *TXO Production Corp. v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992) [, *aff'd*, 509 U.S. 443 (1993)].

*Perrine*, 225 W.Va. at 494, 694 S.E.2d at 827, syl. pt. 6. Furthermore, we review de novo the jury's punitive damages award and the trial court's ruling approving such award. *Peters*, 224 W.Va. at 167, 680 S.E.2d 798, syl. pt. 16. However, "factor[s] not specifically addressed in the petition [for appeal] will be deemed waived as a matter of state law." Syl. Pt. 5, in part, *Garnes v. Fleming Landfill, Inc.,* 186 W.Va. 656, 413 S.E.2d 897 (1991).

The evidence at trial (though some of it was disputed), demonstrated that petitioner acted with criminal indifference to the civil rights of others by continuously and repeatedly driving unlawfully and without a valid license; that he was speeding at the time of the accident; that he denied using controlled substances but tested positive for various controlled substances immediately following the accident; that he failed to render aid after the accident; and that he attempted to leave the scene.[11] Under the facts of this case and upon our de novo review, we

---

[10] Respondent and her husband have a son who was five years old at the time of trial.

[11] We note that petitioner vigorously argues that the circuit court erred in admitting evidence of his criminal and driving history for the jury's consideration of punitive damages. Petitioner argues that this evidence was irrelevant because these offenses occurred between November of 2004 and July of 2010 and were, thus, too remote in time to the accident at issue to be relevant. *See* W.Va. R. Evid. 402. In the alternative, petitioner argues that, if the foregoing evidence were relevant, it was unfairly prejudicial and should have been excluded under Rule

conclude that the circuit court did not err in determining that there was sufficient evidence from which a jury could reasonably find and determine that an award of punitive damages was justified.[12]

For the foregoing reasons, we affirm.

Affirmed.

---

403. Petitioner's argument is misplaced as it ignores the fact that, in syllabus point three of *Garnes*, this Court established that

> [t]he jury may consider (although the court need not specifically instruct on each element if doing so would be unfairly prejudicial to the defendant), the reprehensibility of the defendant's conduct. The jury should take into account how long the defendant continued in his actions, whether he was aware his actions were causing or were likely to cause harm, whether he attempted to conceal or cover up his actions or the harm caused by them, *whether/how often the defendant engaged in similar conduct in the past*, and whether the defendant made reasonable efforts to make amends by offering a fair and prompt settlement for the actual harm caused once his liability became clear to him.

186 W.Va. at 658, 413 S.E.2d at 899, syl. pt. 3, in part. (Emphasis added). The evidence about which petitioner complains constitutes such evidence. Therefore, the circuit court did not err in permitting the jury to consider it for the purpose of punitive damages.

Petitioner also appears to argue that evidence of the positive drug screen was somehow inadmissible because he presented evidence that he was not intoxicated or impaired at the time of the accident. Specifically, he argues that, at trial, he denied that he was in any way impaired when the accident occurred and that similarly, the investigating officer, Trooper E.R. Robinette, testified that he did not observe petitioner to be intoxicated or impaired at the accident scene. This argument is without merit. This Court has "'consistently held that the function of the jury is to weigh the evidence with which it is presented and to arrive at a conclusion regarding damages and liability. As an element of that vital task, the jury must analyze the evidence and determine the credibility to be assigned to various components of that evidence.' Likewise, we have invariably maintained that ""[i]t is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting.'""" *Neely*, 222 W.Va. at 571, 668 S.E.2d at 200 (internal citations omitted).

[12] Petitioner does not specifically argue that the amount of the punitive damages award ($200,000.00) was excessive.

6

**ISSUED:**  November 3, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin